UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AES-APEX EMPLOYER SERVICES,
INC. and AES-APEX EMPLOYER
SOLUTIONS, INC.,

                Plaintiffs,         Civil Action No. 13-14519
                                                    Magistrate Judge David R. Grand

   v.

DINO ROTONDO, RICHARD MARK,
and UNITED STATES DEPARTMENT OF
TREASURY INTERNAL REVENUE
SERVICE,

                Defendants.
_____/

**OPINION AND ORDER GRANTING
MOTION TO SET ASIDE DEFAULT JUDGMENT [23]**

On October 1, 2013, Plaintiffs AES-Apex Employer Services, Inc. and AES-Apex Employer Solutions, Inc. (collectively "Apex") filed a complaint for interpleader and declaratory judgment against Defendants Dino Rotondo ("Rotondo"), Richard Mark ("Mark"), and the United States Department of Treasury Internal Revenue Service ("IRS") in the Oakland County Circuit Court. (Doc. #1). Apex's complaint was removed to this Court by the IRS on October 29, 2013. (*Id.*). After requesting and obtaining extensions of time, both Mark and the IRS filed answers to Apex's complaint on December 4, 2013. (Docs. #9, 10).

On January 3, 2014, when Rotondo had not filed an answer or otherwise responded to the complaint, Apex requested and obtained a Clerk's Entry of Default. (Docs. #12, 13). Shortly thereafter, Apex requested that the Clerk of Court enter a default judgment against Rotondo establishing that Rotondo should not be entitled to any of the proceeds of this interpleader action. (Doc. #16). On January 15, 2014, such a default judgment was entered in favor of Apex and

against Rotondo. (Doc. #17).

On April 28, 2014, attorney Evan Kaploe entered a notice of appearance on behalf of Rotondo. (Doc. #22). Two days later, on April 30, 2014, Rotondo filed the instant motion, asking this Court to set aside the default judgment on the grounds of "excusable neglect" pursuant to Fed. R. Civ. P. 55(c). (Doc. #23). No response was filed in opposition to Rotondo's motion, and the time for responding has now expired.

Fed. R. Civ. P. 55(c) provides that a default judgment may be set aside in accordance with Fed. R. Civ. P. 60(b). Rule 60(b) articulates six reasons a default judgment may be set aside, including "(1) mistake, inadvertence, surprise, or excusable neglect; … or (6) any other reason that justifies relief." The decision to vacate a default judgment is entrusted to the court's discretion. *See In re Walter*, 282 F.3d 434, 440 (6th Cir. 2002). Rule 60(b)(1) must be applied "equitably and liberally … to achieve substantial justice." *Williams v. Meyer*, 346 F.3d 607, 613 (6th Cir. 2003) (quoting *United Coin Meter Co. v. Seaboard Coastal Line R.R.*, 705 F.2d 839, 844-45 (6th Cir. 1983)). Because of the strong policy favoring resolution of cases on their merits, "a court faced with a motion to set aside a default judgment should construe disputed or ambiguous facts in the light most favorable to the defendant." *United States v. Battle*, 2007 WL 2004721, at *1 (E.D. Mich. July 6, 2007) (citing *INVST Fin. Group, Inc. v. Chem-Nuclear Systems, Inc.*, 815 F.2d 391, 398 (6th Cir. 1987)).

In *United Coin Meter*, the court set forth three factors to consider in deciding a Rule 60(b) motion: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default. When reviewing a motion to set aside a default judgment under Rule 60(b), the court may not consider the underlying strength of the plaintiff's claim. *United Coin Meter*, 705 F.2d at 845 (citing

*Farnese v. Bagnasco*, 687 F.2d 761 (3d Cir. 1982)).

In this case, the first *United Coin Meter* factor – prejudice to the plaintiff – weighs in favor of setting aside the default judgment. This case is in its early stages, and discovery is ongoing. Apex has not indicated that it will be prejudiced if Rotondo's motion is granted,[1] and the Court does not see any such prejudice. With respect to the second factor, a defense is meritorious if "there is *some possibility* that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Williams*, 346 F.3d at 614 (quoting *INVST Fin. Group*, 815 F.2d at 398-99). Rotondo has not clearly articulated a meritorious defense in his motion; however, a fair reading of Apex's complaint and the other two defendants' answers suggests that there is at least "some possibility" that a result in his favor could be achieved.

With respect to the third factor, the determination as to whether Rotondo's neglect was excusable "takes into account the length and reasons for the delay, the impact on the case and judicial proceedings, and whether the movant requesting relief has acted in good faith." *Burrell v. Henderson*, 434 F.3d 826, 832 (6th Cir. 2006). As set forth above, there has been little delay in this case, and the impact on Apex of setting aside the default judgment is not great. Moreover, Rotondo avers in his motion that he acted in good faith in providing a copy of the complaint in this case to his former attorney, Alan Shanaman, and states that he was under the impression that Mr. Shanaman would file an answer on his behalf. (Doc. #23 at ¶¶3-4). According to Rotondo, Mr. Shanaman failed to do so and then terminated the attorney-client relationship, leaving Rotondo unaware of this deficiency until he retained current counsel. (*Id.* at ¶¶11-12). Thus, there is no evidence that Rotondo acted in bad faith, and Apex does not argue to the contrary.

---

[1] Indeed, Rotondo asserts in his motion that counsel for Apex, when contacted for concurrence in the instant motion, indicated that he "neither agrees nor disagrees with the granting of this motion." (Doc. #23 at ¶13). As noted, Apex did not file an opposition to Rotondo's motion, and thus does not challenge Rotondo's assertion.

On balance, especially given the strong policy consideration that cases should be decided on their merits, and the mandate that Rule 60(b) must be applied "equitably and liberally … to achieve substantial justice," *Williams, supra*, it is appropriate for the Court to set aside the default judgment.

For these reasons, **IT IS ORDERED** that Rotondo's Motion to Set Aside Default Judgment **(Doc. #23)** is **GRANTED**.  **IT IS FURTHER ORDERED** that the default judgment entered by the Clerk of Court on January 15, 2014, be **VACATED**.  Rotondo shall file an answer or otherwise respond to Apex's complaint on or before **June 10, 2014**.

**IT IS SO ORDERED.**

Dated: May 27, 2014  
Ann Arbor, Michigan

s/David R. Grand  
DAVID R. GRAND  
United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 27, 2014.

s/Eddrey O. Butts  
EDDREY O. BUTTS  
Case Manager