**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

AES-APEX EMPLOYER SERVICES, INC.,
et al.,

      Plaintiffs,

v.                                                                          Case No. 13-CV-14519-DT

DINO ROTONDO et al.,

      Defendants.
                                              /

**ORDER DENYING MOTION TO STAY**

On February 4, 2014, the court referred this matter by consent to Magistrate Judge David R. Grand pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. Thereafter, two additional parties, [Dkt. # # 26 & 32], were added to the case who did not indicate their consent to "continued exercise of case-dispositive authority by the magistrate judge." E.D. Mich. LR 73.1(e). Because no such consent was given, the court vacated the order of reference and conducted a status conference with counsel on July 23, 2015, to determine how to proceed most efficiently. During the conference, counsel updated the court as to their view on how the case should proceed. Multiple motions are pending and fully briefed, but Intervening Party Akouri Investments, LLC ("Akouri") has recently filed a motion to stay. The court heard from all counsel as their views on which motions should be heard first and by whom. Because the magistrate judge has presided over this matter for nearly eighteen months, and has already conducted a hearing on the pending motions for summary judgment, the court finds that the interests of judicial economy favor referring all pending dispositive motions to the magistrate judge for an issuance of a report and recommendation. Before

referring the matter, however, the court will first deny the motion to stay.

On January 15, 2015, three parties filed dispositive motions in this case. Those motions have been fully briefed, argument was heard on March 26, 2015, and supplemental briefs were submitted. It is highly likely that the magistrate judge was nearing completion of his analysis at the time the procedural issue regarding consent jurisdiction was noticed. Given the usual speed with which this particular magistrate judge resolves his motions, the court fully expects, though does not demand, that if it were to refer these motions back to him, a report and recommendation would be issued within a matter of weeks. Nonetheless, in its motion to stay, Akouri argues that judicial economy and efficiency favor granting an indefinite stay on this action so that Akouri can pursue an appeal in a related state case.

The court disagrees. As all parties recognize, "the District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The parties suggest, and the court generally agrees, that courts consider four factors when determining whether to grant a stay due to a related proceeding:

> (1) "potentiality of another case having a dispositive effect on the case to be stayed";
>
> (2) "judicial economy to be saved by waiting on a dispositive decision";
>
> (3) "public welfare"; and
>
> (4) "hardship/prejudice to the party opposing the stay, given its duration."

*Michael v. Ghee*, 325 F. Supp. 2d 829, 831 (N.D. Ohio 2004). In this case, the court finds that the balance of these factors weigh in favor of denying the stay.

This case has been pending since 2013. The public, and this court, has an

interest in the just and speedy resolution of its cases.  The parties have at all times known about the pendency of the related state case, yet it wasn't until Akouri received an unfavorable ruling in that case that it moved to stay this action.  The bulk of the parties' briefs are devoted to rehashing arguments from the pending motions and supplemental briefs.  These arguments, as related to the implications of res judicata on this case, and as to the underlying issues of priority, are best left for the magistrate judge, who has the benefit of having presided over this matter for a year and a half.  For purposes of the motion to stay, the court notes only that the dispositive effect of the state court action on this federal action is, as yet, unclear.  What is clear is that a stay to allow the parties to pursue appellate options in the state case would delay this action for a lengthy period of months, if not years.  Motions would grow stale and require refreshing with current law and perhaps updated facts.  Additional attorney fees would be expended.  Numerous motions would languish on this court's docket.  This result is unpalatable to the court, especially in a case which has proceeded to the point this case has reached.  Dispositive motions have already been pending for six months, and the matter is set for resolution, if not fully then nearly so.  The court will therefore deny the motion to stay, in the primary interest of judicial economy, and to avoid a hardship to the parties–in the form of increased attorney fees and unnecessary delay .  The matter will be referred to Magistrate Judge Grand, and the case will proceed.  Accordingly,

IT IS ORDERED that Intervening Party Akouri Investment, LLC's motion to stay [Dkt. # 76] is DENIED.  A separate order of reference will issue.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  July 24, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 24, 2015, by electronic and/or ordinary mail.

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522