UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AES-APEX EMPLOYER SERVICES, INC.,
and AES-APEX EMPLOYER SOLUTIONS, INC.,

    Plaintiffs,

Civil Action No. 13-14519
Honorable Robert H. Cleland
Magistrate Judge David R. Grand

v.

DINO ROTONDO, RICHARD MARK, and
UNITED STATES, DEPARTMENT OF
TREASURY – INTERNAL REVENUE SERVICE,

    Defendants,

and

AKOURI INVESTMENTS, LLC,

    Intervening Party.
_____/

### REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION FOR SANCTIONS AND/OR TO TAX COSTS AND ATTORNEY FEES AGAINST INTERVENING PARTY AKOURI INVESTMENTS, LLC [106]

Before the Court is a Motion for Sanctions and/or to Tax Costs and Attorney Fees against Intervening Party Akouri Investments LLC ("Akouri"), filed by Plaintiffs AES-Apex Employer Services, Inc. and AES-Apex Employer Solutions, Inc. (collectively the "AES Plaintiffs") on February 3, 2016. (Doc. #106). Akouri filed a response to this motion on February 17, 2016 (Doc. #108), and the AES Plaintiffs filed a reply on February 24, 2016 (Doc. #109). An Order of Reference was entered on February 11, 2016, referring this motion to the undersigned for a report and recommendation pursuant to 28 U.S.C. §636(b)(1)(B). (Doc. #107). The Court heard oral argument on this motion on May 4, 2016.

## I.   REPORT

### A.   Background

The facts underlying the instant action are set forth in this Court's March 4, 2016 Revised Report and Recommendation on the parties' respective dispositive motions. (Doc. #110). In their instant motion, the AES Plaintiffs ask the Court to award sanctions and/or to tax costs and attorney's fees as a result of what they characterize as Akouri's "spurious, frivolous and unreasonable litigation scheme that has needlessly and unreasonably increased the cost of litigation for all Parties, which has delayed the resolution of the present Interpleader Action." (Doc. #106 at 2). Specifically, the AES Plaintiffs assert that sanctions and/or costs and attorney's fees are appropriate as a result of two particular "schemes" employed by Akouri:

- On April 10, 2015, Akouri filed an allegedly "frivolous" Motion for Accounting (Doc. #68), "**waited** for the AES Plaintiffs to expend significant time and incur significant costs in preparing and filing a Response to Intervenor's frivolous Motion (see Doc. #72), only to **withdraw** the frivolous Motion at the very last second on the day its Reply was due (see Doc. #73)." (Doc. #106 at 2 (emphasis in original)).

- On December 18, 2015, Akouri filed a Motion for Post Judgment Relief, seeking in excess of $1.4 million from the AES Plaintiffs. (Doc. #98). The AES Plaintiffs claim that the substantial amount of Akouri's request required them "to devote significant time and incur significant expense" in preparing a response to this motion. (Doc. #106 at 3). The AES Plaintiffs further assert that, despite the fact that their response to this "frivolous Motion" was due on January 4, 2016, the first business day after the New Year's holiday, and despite the fact that Akouri's counsel had been advised that the AES Plaintiffs' counsel had a pre-planned holiday vacation at the time, Akouri refused to grant them a two-week extension to file their response.[1] (*Id.*). As a result, the AES Plaintiffs were forced to incur the time and expense of filing an emergency motion to extend the response deadline (Doc. #99), which Akouri unsuccessfully opposed (Doc. #100; 1/4/16 docket entry). The AES Plaintiffs thus assert that Akouri's tactics in subsequently

---

[1] The Court accepts Akouri's counsel's representation at the hearing that his customary practice has been to accommodate such requests, but that does not make his departure from that approach here any less unbecoming. While the Court is recommending that the AES Plaintiffs' instant motion be denied for the reasons discussed below, it hopes and expects that if confronted with a similar situation in the future, Akouri's counsel will behave differently.

>withdrawing its Motion for Post Judgment Relief are sanctionable because it did so only after: (1) the AES Plaintiffs were forced to file their emergency motion for extension; (2) the AES Plaintiffs "incurred significant time and expense in preparing and filing" a response to Akouri's "spurious Motion"; and (3) Akouri again waited until "the last second, the day its Reply was due, to withdraw the Motion (Doc. #104)." (Doc. #106 at 4).

In summary, the AES Plaintiffs seek sanctions and/or costs and attorney's fees, claiming that Akouri's "spurious machinations have only been aimed to foist unnecessary litigation costs on the other Parties, confuse the very finite subject matter at issue (i.e., the priority of entitlement to the subject 'Consulting Fees') and waste judicial time and resources." (*Id.*).

  **B. Analysis**

  The AES Plaintiffs seek an award of sanctions and/or costs and attorney's fees on several grounds. First, they assert that they are entitled to recover their attorney's fees under the terms of the relevant asset purchase agreements. (Doc. #106 at 5-7).[2] Second, the AES Plaintiffs ask the Court to award sanctions, pursuant to Fed. R. Civ. P. 11, for "requiring the Parties to expend the time, money and resources necessary to respond to and oppose [Akouri's] spurious, frivolous and unreasonable litigation strategy." (Doc. #106 at 13). Finally, the AES Plaintiffs assert that the Court has the "discretion to tax costs and attorney fees against a party whose 'unreasonable litigation posture' prevents the Interpleading Party from 'following the ordinary interpleader sequence of depositing the funds in court and then being dismissed from the suit.'" (Doc. #106 at 15 (quoting *Septembertide Pub., B.V. v. Stein & Day, Inc.*, 884 F.2d 675, 683 (2d Cir. 1989)). These arguments are addressed below.[3]

---

[2] This Court has already considered in detail – and rejected – the AES Plaintiffs' argument that they are entitled to recover their costs and attorney's fees pursuant to the provisions of the relevant asset purchase agreements. (Doc. #110 at 14-21). The Court hereby incorporates that analysis herein and again concludes that an award of costs and fees is inappropriate under the terms of those agreements.

[3] The AES Plaintiffs also argue for sanctions under Fed. R. Civ. P. 1, claiming Akouri's actions

*1. Sanctions are Not Appropriate under Rule 11*

The AES Plaintiffs first ask the Court to award sanctions pursuant to Fed. R. Civ. P. 11, for "requiring the Parties to expend the time, money and resources necessary to respond to and oppose [Akouri's] spurious, frivolous and unreasonable litigation strategy." (Doc. #106 at 13). Rule 11 provides as follows, in relevant part:

> (b) **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> > (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> >
> > (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> >
> > (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> >
> > (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

The AES Plaintiffs assert that Akouri's "spurious, frivolous and unreasonable litigation strategy has (1) needlessly increased the cost of litigation; (2) is not warranted by existing law or by a non-frivolous argument for extending, modifying or reversing existing law; [and] (3) does not contain factual contentions with evidentiary support or that are 'reasonable' or 'reasonably based on belief'" in violation of all four subsections of Rule 11(b). (Doc. #106 at 14).

---

are at odds with securing the "just, speedy, and inexpensive determination" of this action. (Doc. #106 at 14 (quoting Fed. R. Civ. P. 1)). The AES Plaintiffs say nothing further on this issue in their motion or reply, however, and cite no case law for the proposition that sanctions are properly awarded under Rule 1. Thus, the Court declines to award sanctions on this basis.

Under the circumstances, the Court need not determine whether Akouri's conduct in filing the two motions at issue (Docs. #68, 104) violated Rule 11(b) because, even if it did, the AES Plaintiffs failed to comply with the portion of that Rule's "safe harbor" provision which is a prerequisite to awarding Rule 11 sanctions. (Doc. #108 at 24-26). Rule 11 provides, in relevant part:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets….

Fed. R. Civ. P. 11(c)(2). In the Advisory Committee Notes, the drafters make clear that:

> These provisions are intended to provide a type of "safe harbor" against motions under Rule 11 in that a party will not be subject to sanctions on the basis of another party's motion unless, after receiving the motion, it refuses to withdraw that position or to acknowledge candidly that it does not currently have evidence to support a specified allegation. … [T]he timely withdrawal of a contention will protect a party against a motion for sanctions.

Fed. R. Civ. P. 11 Advisory Committee Notes (1993 Amendments). As the Sixth Circuit has succinctly stated: "Thus, the 1993 amendments allow for a twenty-one day period of 'safe harbor,' whereby the offending party can avoid sanctions altogether by withdrawing or correcting the challenged document or position after receiving notice of the allegedly violative conduct. In that way, the 'safe harbor' provision works in conjunction with the duty of candor, giving the proponent of a questionable claim an opportunity to assess the claim's validity without immediate repercussion." *Ridder v. City of Springfield*, 109 F.3d 288, 294 (6th Cir. 1997).[4]

---

[4] Akouri cites *Ridder* in support of its argument that sanctions are not warranted under Rule 11. (Doc. #108 at 24-26). In their reply brief, the AES Plaintiffs accuse Akouri of "fail[ing] to advise this Court that the Court in *Ridder* affirmed sanctions issued *sua sponte* by the District Court against the offending party pursuant to 28 U.S.C. §1927 for unreasonably and vexatiously 'multiplying' the litigation, as [Akouri] has done here." (Doc. #109 at 6-7). But 28 U.S.C.

In this situation, there can be no dispute that sanctions are not available under Rule 11 because the AES Plaintiffs failed to comply with the Rule's "safe harbor" provision. Counsel for the AES Plaintiffs sent an email to Akouri's counsel on February 3, 2016 at 3:44 p.m., seeking concurrence in the motion for sanctions and/or to tax costs and attorney's fees. (Doc. #106 at 22). The motion was filed with the Court six minutes later, at 3:50 p.m. on February 3, 2016. Thus, the AES Plaintiffs did not comply with Rule 11's requirement that it serve the opposing side with a copy of its proposed Rule 11 motion, and then allow it 21 days to withdraw the challenged filing before actually filing its Rule 11 motion with the Court. Indeed, Akouri withdrew both of the motions at issue (for accounting and for post-judgment relief) *before the AES Plaintiffs' motion for sanctions was filed*. Thus, Rule 11 sanctions are not appropriate.

        2.    *An Award of Costs and Attorney's Fees is Not Appropriate under the AES Plaintiffs' Interpleader Theory*

The AES Plaintiffs also assert that the Court has the "discretion to tax costs and attorney fees against a party whose 'unreasonable litigation posture' prevents the Interpleading Party from 'following the ordinary interpleader sequence of depositing the funds in court and then being dismissed from the suit.'" (Doc. #106 at 14-15 (quoting *Septembertide*, 884 F.2d at 683)). The AES Plaintiffs argue that Akouri's "'file, wait and withdraw' litigation scheme" is particularly unreasonable given that the state court has already found that Akouri does not have a valid claim

---

§1927 is distinct from Rule 11. The statute provides that any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously" may be required to pay the "excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." While an argument might be made that sanctions are appropriate under this provision, the AES Plaintiffs did not mention this statute in their motion, and it "is well-settled that a party may not raise new issues for the first time in a reply brief." *Ann Arbor T-Shirt Co. v. Lifeguard Leasing Corp.*, 2016 WL 1323784, at *1 (Apr. 5, 2016). Accordingly, the Court declines to award sanctions on this basis. Moreover, "[a]n award of sanctions under section 1927 is discretionary." *American Bankers Ins. Co. of Florida v. National Cas. Co.*, 2009 WL 257890, at *1 (E.D. Mich. Feb. 3, 2009). Here, where both sides of the instant motion have aggressively litigated this action, each asserting numerous positions the Court has found to be without merit, and taking into account the other matters discussed herein, the Court declines to award sanctions under this discretionary statute.

against the AES Plaintiffs. (*Id.* at 15). Thus, as counsel for the AES Plaintiffs indicated at oral argument, they are asking the Court to tax costs and attorney's fees under "federal interpleader case law" (i.e., *Septembertide*).

In response, Akouri argues that sanctions are not appropriate under this theory because this is not an "ordinary" interpleader action wherein the plaintiff is a disinterested stakeholder.[5] (Doc. #108 at 26-28). Moreover, Akouri points out that, in *Septembertide*, the case on which the AES Plaintiffs rely, the court noted that, "To assess fees and costs in favor of the stakeholder, a court of equity must find that (1) a disinterested stakeholder, (2) who had conceded liability, (3) has deposited the disputed funds into court, and (4) has sought a discharge from liability." *Id.* at 683 (citing 3 A. Moore's *Federal Practice* ¶2.16[2] (2d ed. 1989)). Here, even if the AES Plaintiffs are "disinterested stakeholders," they still would not be entitled to an award of costs and fees because, despite the fact that this action has been pending for more than two years, they have not deposited any portion of the disputed Consulting Fees into the Court. Accordingly, an award of costs and fees is inappropriate under this theory as well.

## II. RECOMMENDATION

For the reasons set forth above, **IT IS RECOMMENDED** that the AES Plaintiffs' Motion for Sanctions and/or to Tax Costs and Attorney Fees against Intervening Party Akouri Investments LLC [**106**] be **DENIED**.

Dated: May 27, 2016           s/David R. Grand
Ann Arbor, Michigan         DAVID R. GRAND
                                        United States Magistrate Judge

---

[5] Indeed, at least based on the present record, this Court has previously rejected the AES Plaintiffs' argument that they are a "neutral, disinterested stakeholder." (Doc. #83 at 14-15).

7

## REVIEW

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *See Willis v. Sec'y of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. *See* E.D. Mich. L.R. 72.1(d)(2).

*Note these additional requirements at the direction of Judge Cleland:*

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 27, 2016.

                                              s/Eddrey O. Butts
                                              EDDREY O. BUTTS
                                              Case Manager