# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

AES-APEX EMPLOYER SERVICES, INC.,
and AES-APEX EMPLOYER SOLUTIONS, INC.,

    Plaintiffs,

Case No. 13-14519

v.

DINO ROTONDO, et al.,

    Defendants.
_____/

**OPINION AND ORDER: 1) GRANTING INTERNAL REVENUE SERVICE'S MOTION FOR RECONSIDERATION; 2) DENYING AES-APEX EMPLOYER SERVICES, INC.'S MOTION FOR RECONSIDERATION; 3) DENYING AKOURI INVESTMENTS, LLC'S MOTION FOR RECONSIDERATION; AND 4) GRANTING THE INTERNAL REVENUE SERVICE'S MOTION TO COMPEL**

Pending before the court is a motion for reconsideration filed by the Internal Revenue Service ("IRS") (Dkt. #138), a motion for reconsideration filed by AES-Apex Employer Services, Inc. ("AES") (Dkt. #139), and a motion for reconsideration filed by Akouri Investments, LLC ("Akouri") (Dkt. #140). Also pending is a motion to compel compliance with a court order requiring the deposit of funds with the court by the Internal Revenue Service. (Dkt. #143.) After a review of the briefs, the court concludes that no hearing is necessary. *See* E.D. Mich. LR 7.1(f). For the following reasons the court will grant the motion for reconsideration by IRS, deny the motions for reconsideration by AES and Akouri, and grant the motion to compel the deposit of funds.

## I. BACKGROUND

The underlying facts of this case have been recited in detail in prior orders and briefings, familiarity with which is presumed. (*See, e.g.*, Dkt. #135.) The court will not

reiterate those details here.

After this court entered its order adopting in part the Report and Recommendation ("R&R") of Magistrate Judge David Grand, the three motions for reconsideration followed. IRS asked for clarification of the order, and further requested the court to hold that Count II of Akouri's complaint is dismissed with prejudice or that the dismissal without prejudice only permits filing after IRS's tax lien is satisfied, because IRS fears that Akouri could otherwise continue vexatious interference with its enforcement of IRS's rights under the lien. AES asks the court to modify the calculation of the amounts due to Dino Rotondo and thus subject to the tax lien to take account of the fact that the agreement between AES and Rotondo only afforded him profits (*i.e.*, the net of revenues minus expenses) but the court's order subjects the entire revenue to the tax lien. Of these expenses, AES hopes to include the attorney's fees in litigating the instant suit. Finally, Akouri argues that the court should have ruled on its Motion for Leave to File a Supplemental Brief (Dkt. #130) before reaching its decision. It contends that had the court considered the "new evidence" that the supplemental brief would have supplied, the court would have reached a different conclusion about the true owner of the assets at issue and thus afforded Akouri a more senior claim to IRS.

IRS has also filed a motion to compel AES to deposit funds in accordance with the court's order granting summary judgment in their favor. In response, AES advances arguments similar to those included in its motion for reconsideration, which IRS insists are now defunct.

**II. STANDARD**

Subject to the court's discretion, a motion for reconsideration shall be granted only if the movant "demonstrate[s] a palpable defect by which the court and the parties . . . have been misled" and "show[s] that correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest or plain.'" *Buchanan v. Metz*, 6 F. Supp. 3d 730, 752 (E.D. Mich. 2014) (quoting *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004)). The court "will not grant motions for . . . reconsideration that merely present the same issues ruled upon by the court." E.D. Mich. L.R. 7.1(h)(3).

**III. DISCUSSION**

**A. Akouri's Motion**

Akouri's motion is without merit. The relevant R&R issued on March 4, 2016. (Dkt. #110.) It states that:

> Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file objections constitutes a waiver of any further right of appeal. Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. A copy of any objection must be served upon this Magistrate Judge.

(Dkt. #110, Pg. IDs 3672-73 (citations omitted).) Akouri submitted its timely objections on March 18, 2016, totalling 45 pages. (Dkt. #114.) IRS and AES submitted their objections on the same date, and responses and replies followed from each of the three, resulting in over a dozen filings all duly considered by the court prior to its decision. Just under three months after the entry of the R&R, Akouri filed its motion for leave, requesting that the

court consider new deposition evidence, related to a creditor's examination, not raised in the briefs on summary judgment or the objections to the R&R. (Dkt. #130.) By that time, discovery had long since closed. The court will not speculate on what might have occurred had Akouri obtained this testimony sooner, developed it within the time allotted for discovery, and included these materials within its briefings on summary judgment. By the time Akouri filed its motion for leave, the arguments were forfeited. The court's refusal to grant leave to file a memorandum describing forfeited arguments prior to entry of its opinion was not palpable error. Thus, Akouri's motion will be denied.

### B. AES's Motion

AES contends that the court miscalculated the amounts it owed Rotondo because it failed to subtract expenses—specifically the attorney's fees incurred in litigating this case—as required under its agreement. It infers that the attorney's fees should be included in the "expenses" that are automatically deducted from the "revenue" to arrive at the "profit" due Rotondo, but the Magistrate Judge already considered and rejected this argument. (Dkt. #110, Pg. ID 3650.) AES presented the argument once more in its objections to the R&R (Dkt. #113, Pg. ID 3707-10), and this court rejected it. (Dkt. #135, Pg. ID 4840.) The court "will not grant motions for . . . reconsideration that merely present the same issues ruled upon by the court." E.D. Mich. L.R. 7.1(h)(3). Moreover, the court's conclusion that the indemnification provision rather than the calculation of "direct expenses attributable to the employees leased" governed the recovery of litigation expenses in this case is not unreasonable. No palpable error exists, and AES's motion for reconsideration will also be denied.

## C. IRS's Motions

### 1. Motion for Reconsideration

This court granted dismissal of Akouri's state law cross-claims without prejudice by declining to exercise supplemental jurisdiction against them to allow Michigan courts to determine whether to apply preclusion to the now entirely state action. (Dkt. #135, Pg. ID 4845.) IRS asks the court to clarify that Akouri's request for declaratory judgment that it has a senior claim to IRS instead be dismissed with prejudice to prevent continued frustration of its ability to enforce its tax lien. As IRS has succeeded at summary judgment against Akouri on its fraudulent transfer claims and has been ruled to hold an interest senior to Akouri's, dismissal without prejudice would only require IRS to repeatedly seek a ruling based on issue preclusion—perhaps after removal once more to the federal forum. Indeed this very circumstance has obtained in a separate suit before this court, which IRS predictably removed to the federal forum. *In Re Dino Rotondo*, No. 16-13324 (E.D. Mich.). The court agrees that this is inconsistent with the grant of summary judgment in IRS's favor and now clarifies that dismissal of Akouri's declaratory judgment claim against IRS is with prejudice.

### 2. Motion to Compel

IRS has moved to compel AES to deposit $333,405.17 into escrow as implicitly required by the court's prior order granting it summary judgment. It argues that now that AES has completed its accounting, it has no excuse for delaying the deposit of funds. Because this court has disposed of the pending motions for reconsideration, it will not address arguments by AES and Akouri that AES should not be required to make a

5

deposit while the motions are pending.

IRS points out that the accounting it obtained—which had never been filed with the court until it was attached to IRS's motion as an exhibit—shows that "approximately $265,190, or nearly 80% of the outstanding consulting fees" were paid as legal bills to counsel despite this court's explicit order that this not occur. (Dkt. #143, Pg. ID 5447.) It is true that despite ordering an accounting, the court could not have been clearer that attorney's fees were not automatically deductible from the amounts owed to the IRS. Indeed, that the court held otherwise is the basis for AES's failed motion for reconsideration.

That AES was ordered to provide an accounting that it never filed with the court also cannot justify withholding the deposit. Recall that the accounting was intended to increase transparency as to AES's disposition of the funds, not to benefit AES. This court explained that "the Magistrate Judge also recommended[ed] (and no party appears to have objected to the recommendation) that Plaintiffs be required to provide and accounting of the Consulting Fees to be inpleaded **in order to ensure that the attorneys' fees requested (and denied) in this case have not been improperly withheld by Plaintiffs**." (Dkt. #135, Pg. ID 4842 (emphasis added).)
A review of this "accounting" is anything but illuminating, as it merely cites "consulting fees" less amounts paid directly to IRS to determine amounts paid to Rotondo along with "Offsets – Legal Bills from Vandeveer, Garzia." (Dkt. #143-3.)

The court is unmoved by AES's reading that this court merely granted it *permission* to deposit the consulting fees, as opposed to *ordering* it to do so. AES had

6

essentially offered to submit itself to an order to deposit the fees on the condition that Akouri's claims against it be dismissed. As the R&R explains, "[i]n their motion, the AES Plaintiffs assert that they should be permitted to deposit the Consulting Fees with the Court and should then be dismissed from this action." (*See* Dkt. #110, Pg. ID 3641.) No reasonable attorney would have read this sentence and concluded that AES would be dismissed and then free to retain the funds. Further adopted language of the R&R permits of only one interpretation, that deposit was mandatory: "the Court finds it appropriate to order the deposit of the Consulting Fees accrued to date with the Court[,]" (Dkt. #110, Pg. ID 3646), "[h]aving determined that the Consulting Fees should be deposited with the Court, the Court must now consider Akouri's, Mark's, and the IRS' competing claims to these funds." (Dkt. #110, Pg. ID 3655.)

Nor is the court impressed by the invocation of "prejudice" should AES be compelled to obey this court's prior order because of contingencies such as "Rotondo may have materially breached the [agreement] by failing to convey clear title," affecting the amount AES owes Rotondo and therefore the amounts it might deposit. The court cannot await the entertainment of such hypotheticals, and in any case this argument amounts to a restatement of the one advanced in its motion for reconsideration—and rejected by this court—as to the calculation of deposit amounts versus indemnification rights against Rotondo. Far more concrete is the prejudice to IRS, who will struggle to recover on its judgment if the fund continues to be systematically depleted. The court will grant IRS's motion.

The court will for now view charitably AES's reticence to deposit the funds while

the motions for reconsideration were pending as not evincing bad faith. However, the court cannot tolerate any additional delays.

## IV. CONCLUSION

IT IS ORDERED that IRS's Motion for Reconsideration (Dkt. #138) is GRANTED and the September 23, 2016 order (Dkt. #135) is CLARIFIED to indicate that dismissal on Count II of Akouri's declaratory judgment claim is with prejudice.

IT IS FURTHER ORDERED that AES's Motion for Reconsideration (Dkt. #139) is DENIED.

IT IS FURTHER ORDERED that Akouri's Motion for Reconsideration (Dkt. #140) is DENIED.

IT IS FURTHER ORDERED that IRS's Motion to Compel (Dkt. #143) is GRANTED. AES must deposit all Consulting Fees accrued to date as described in this court's prior order (Dkt. #135) and the R&R (Dkt. #110)—without deductions made for attorney's fees—into an escrow account with the court on or before **August 7, 2017. AES is also directed to file with the court an accounting by the same date.**

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: July 31, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 31, 2017, by electronic and/or ordinary mail.

        s/Lisa Wagner
        Case Manager and Deputy Clerk
        (810) 292-6522