UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AES-APEX EMPLOYER SERVICES, INC.
and AES-APEX EMPLOYER SOLUTIONS,
INC.,

Case No.: 13-CV-14519-CK
Honorable Robert H. Cleland
Magistrate Judge David R. Grand

    Plaintiffs,

v

DINO ROTONDO, RICHARD MARK, and
UNITED STATES, DEPARTMENT OF
TREASURY – INTERNAL REVENUE SERVICE,

**STIPULATED PROTECTIVE ORDER**

    Defendants,

and

AKOURI INVESTMENTS, LLC

    Intervening Party.

_____

| | |
|---|---|
| DAVID B. TIMMIS (P40539) | ERIC M. NEMETH (P42925) |
| DAVID Q. HOUBECK (P77002) | BRADLEY S. DEFOE (P70233) |
| Attorneys for Plaintiffs | Attorneys for Defs. Mark & ABO-Mark |
| 840 W. Long Lake Road, Ste. 600 | 39500 High Pointe Blvd., Ste. 350 |
| Troy, MI 48098 | Novi, MI 48375 |
| 248-312-2800 | 248-567-7400 |
| dtimmis@vgpclaw.com | emnemeth@varnumlaw.com |
| dhoubeckc@vgpclaw.com | bsdefoe@varnumlaw.com |
| | |
| ROBERT J. WILLE | EVAN H. KAPLOE (P75831) |
| Trial Attorney, Tax Division | Attorney for Def. Dino Rotondo |
| United States Department of Justice | 28400 Northwestern Highway, Fl 2 |
| Attorneys for Defendant United States | Southfield, MI 48034 |
| P.O. Box 55, Ben Franklin Station | (248) 351-7078 |
| Washington, D.C. 20044 | ekaploe@maddinhauser.com |
| (202) 514-5573 | |
| robert.j.wille@usdoj.gov | |

_____

# STIPULATED PROTECTIVE ORDER

At a session of the said Court
Held in the City of Port Huron,
State of Michigan, on December 12, 2017

PRESENT: Robert H. Cleland

This matter having come before this Honorable Court pursuant to the stipulation of the parties; and the Court being otherwise fully advised in the premises:

IT IS HEREBY ORDERED that any and all source data and/or financial information provided by the Plaintiffs relating to the customer accounts which are the subject of the Consulting Fees at issue in the present matter, as well as any and all ancillary financial information or figures provided in connection with the production of said information, will be produced and/or provided subject to the following conditions:

1. The above-described materials shall be used solely for the purposes relating to this lawsuit and in compliance with the Federal Rules of Civil Procedures and the Federal Rules of Evidence, except that nothing in this Protective Order shall preclude the United States from using the information provided for any law enforcement purpose, including but not limited to use in any other matter involving the collection of the tax liabilities it is seeking to collect in this lawsuit. To the extent the materials are produced to this Court or any other court of law, the United States shall redact the identity of clients, and the social security numbers of clients or employees. It is hereby agreed and understood, by and between the parties, that the production of any information subject to this Protective Order shall not constitute a waiver of any evidentiary objection and does not constitute a stipulation to the admissibility of said information.

2. In the event that a party producing information makes a determination that there is a need for additional confidentiality and/or restrictions with regard to

specific items among the produced information, the producing party may designate said information "Attorney's Eyes Only," which designation shall prevent the dissemination of said information by the receiving party to any individual other than the attorneys for the receiving party (including, in the case of the United States, any other attorneys of the Department of Justice, Tax Division, and/or the Office of Chief Counsel to the Internal Revenue Service assisting with this case). Such designation shall include an explanation as to why the designating party believes that additional confidentiality and/or restrictions are necessary. In the event that the receiving party objects and/or takes exception with the "Attorney's Eyes Only" designation, the receiving party shall seek a determination from the Court relating to the "Attorney's Eyes Only" designation, and the burden shall be on the designating party to justify the additional restriction. In the interest of avoiding disputes that may turn out to be academic, the failure to assert an objection shall not waive the right to assert one and seek a court ruling at any subsequent time.

3. Any and all information and/or materials produced which are subject to this Protective Order shall be produced with clearly identifying watermarks, margin notes or some other unequivocal designation indicating that it is subject to protective order. Such marked documents may not be duplicated, forwarded, shared, published, disclosed, and/or exchanged in any manner or form to/with any other person and/or entity for any reason, without the consent of the producing party, other than for purposes directly related to this lawsuit, unless incident to the exception in paragraph 1 for law enforcement purposes. Provided, however, that Defendant Dino Rotondo, or his duly retained counsel, need not seek the producing party's consent to publish or disclose the

documents subject to this Protective Order, solely for purposes of initiating or defending subsequent litigation, including, but not limited to breach of contract, specifically related to the Consulting Agreement entered into between Plaintiffs and Defendant Dino Rotondo on March 28, 2013. In the event that a party who has received information subject to this Protective Order intends to produce said information to a litigation expert and/or consultant, said litigation expert and/or consultant shall be provided a copy of this Protective Order and shall be required to provide written affirmation setting forth the litigation expert's and/or consultant's intent to comply with the terms of the Protective Order. Further, in the event that a party intends to produce confidential information designated "Attorney's Eyes Only" to an expert, the parties seeking to produce said information to a litigation expert must seek and receive written authorization from the producing party (which shall not be unreasonably denied), authorizing the dissemination of said information to the litigation expert, unless the Court overrules the denial of permission.

4. In the event that a party who has received information subject to this Protective Order intends to include said information in a filing with the Court or otherwise submit said information to the Court, said filing and/or submission shall be made "under seal", either in an envelope or enclosure clearly marked "SUBJECT TO PROTECTIVE ORDER", along with the present STIPULATED PROTECTIVE ORDER included in said envelope and/or enclosure, or consistent with other procedures available for sealed filings pursuant to local rules and the Court's ECF system. Nothing herein shall prevent the Court from determining that the information filed does not merit sealing and thereupon unsealing the information on its own motion or at the request of any party.

4

5. Notwithstanding any other provision of this Order, nothing herein shall prevent a party from using the protected information in court filing in an aggregated context (such as a reference to total receipts attributable to multiple customers) that does not associate any particular information with identified customers, provided, however, that the use of said aggregated information does not identify any of the customers referenced in the protected information. Provided, however, that Defendant Dino Rotondo may use the protected information in a non-aggregated manner, but subject to the redaction requirements, for the sole purpose of initiating or defending subsequent litigation, including, but not limited to breach of contract, specifically related to the Consulting Agreement entered into between Plaintiffs and Defendant Dino Rotondo on March 28, 2013.

6. This Order shall survive the final termination of this action. Following the resolution or final disposition of this matter, and upon the request of the producing party within 14 days from the date of the entry of the final order of disposition (after any appeals), with the exception of Defendant Dino Rotondo, or his duly retained attorney, counsel for the receiving party shall assemble and return to the producing party all information designated as confidential or "Attorneys' Eyes Only," which production shall be made within 14 days of the request. In the event that there is no request for the return of information designated as confidential or "Attorneys' Eyes Only," the receiving party shall destroy all such information, including copies of same, within 28 days from the entry of the final order of disposition. The Court shall retain jurisdiction to entertain such further proceedings and to enter further Orders and Judgments as may be necessary or appropriate to implement and/or enforce the

provisions of this Order, or modify this Order as it concludes may be appropriate. This paragraph shall not be construed to require the United States to return or destroy any documents that are supposed to be retained for any particular period of time under federal recordkeeping procedures and also shall not be construed to require the United States to return or destroy any documents it may need to retain incident to the law enforcement exception in paragraph 1 above.

   S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: December 12, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, December 12, 2017, by electronic and/or ordinary mail.

   S/Lisa Wagner
Case Manager and Deputy Clerk
(810) 292-6522

We agree to entry of the above Order:

*/s/ David B. Timmis*
DAVID B. TIMMIS (P40539)
DAVID Q. HOUBECK (P77002)
Attorneys for Plaintiffs
840 W. Long Lake Road, Ste. 600
Troy, MI 48098
248-312-2800
dtimmis@vgpclaw.com
 dhoubeck@vgpclaw.com

*/s/ Scott D. MacDonald (w/perm)*
SCOTT D. MacDONALD (P45789)
Attorney for Plaintiff
24901 Northwestern Hwy., Ste. 200
Southfield, MI 48075
(248) 865-8866
scottmac@dixon-macdonald.com

| /s/ Robert J. Wille (w/perm) | /s/ Evan H. Kaploe (w/perm) |
|---|---|
| ROBERT J. WILLE | EVAN H. KAPLOE (P75831) |
| Trial Attorney, Tax Division | Attorney for Def. Dino Rotondo |
| United States Department of Justice | 28400 Northwestern Highway, Fl 2 |
| Attorneys for Defendant United States | Southfield, MI 48034 |
| P.O. Box 55, Ben Franklin Station | ekaploe@maddinhauser.com |
| Washington, D.C. 20044 | |
| (202) 514-5573 | |
| robert.j.wille@usdoj.gov | |